# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | |
|---|---|
| ROBERT KIMBREL,<br><br>    Movant,<br><br>v.<br><br>MYRON BATTS, Warden, and UNITED STATES OF AMERICA,<br><br>    Respondent. | Cv. No. 2:16-cv-02166-JPM-tmp<br>Cr. No. 2:03-cr-20336-JPM-1 |

## ORDER GRANTING MOTION PURSUANT TO 28 U.S.C. § 2255 AND VACATING JUDGMENT IN CRIMINAL CASE

Before the Court is a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by Person in Federal Custody, filed by Movant Robert Kimbrel, Bureau of Prisons register number 19304-076, who is currently incarcerated at the Federal Correctional Institution ("FCI") located in Memphis, Tennessee. (§ 2255 Mot., *Kimbrel v. Batts et al.*, No. 2:16-cv-02166-JPM-tmp (W.D. Tenn.), ECF No. 1.) For the reasons stated below, Kimbrel's § 2255 Motion is GRANTED.

## I. PROCEDURAL HISTORY

### A. Criminal Case Number 03-20336

On September 23, 2003, a federal grand jury returned a three-count indictment charging that, (1) on or about March 29, 2003, Kimbrel, a convicted felon, knowingly possessed a F.I.E. .38 caliber revolver, in violation of 18 U.S.C. § 922(g); (2) on or about March 29, 2003, Kimbrel knowingly possessed a F.I.E. .38 caliber revolver from which the manufacturer's serial number had been removed, obliterated, and altered, in violation of 18 U.S.C. § 922(k); and (3) on or about May 8, 2003, Kimbrel, a convicted felon, knowingly possessed a Colt .32-20 caliber

revolver, in violation of 18 U.S.C. § 922(g). (Indictment, *United States v. Kimbrel*, No. 2:03-cr-20336-JPM-1 (W.D. Tenn.), ECF No. 1.) The factual basis for the charges is stated in the presentence report ("PSR"):

**The Offense Conduct**

5. On March 29, 2003, Memphis police officers conducted a routine traffic stop of a vehicle, which was being operated on expired tags. Upon making contact with the vehicle's driver, **Robert Kimbrel**, the officers detected the smell of marijuana emanating from inside the vehicle. A bag of suspected marijuana was also observed inside the vehicle in plain view. A search of the vehicle was conducted, which revealed a loaded, snub-nosed, F.I.E., .38 caliber revolver, with an obliterated serial number. The total weight of the marijuana was .9 grams. **Kimbrel** was given a citation after an inquiry revealed no outstanding warrants.

6. On May 8, 2003, Memphis police officers responded to an aggravated assault complaint after being informed that a male was holding a gun to another individual's head. A description of the suspect's vehicle was also provided to the officers. A subsequent traffic stop was made of the vehicle, which was being driven by **Kimbrel**. A search of the vehicle revealed an unloaded Colt, .32-30 caliber revolver, which was located on the passenger's side. Marvin Hodo was a passenger inside the vehicle with **Kimbrel**. **Kimbrel** was identified by Patrick Kearney as the individual who held the gun to Kearney's head.

(PSR ¶¶ 5-6.)

On February 8, 2006, the Court granted Defendant's motion to sever the trial on Count 3 from the trial on Counts 1 and 2. (Order, *id.*, ECF No. 121.) A three-day jury trial on Counts 1 and 2 commenced on March 22, 2006, and on March 24, 2006, the jury returned a guilty verdict on both counts. (Min. Entries, *id.*, ECF Nos. 136, 137, 138; Jury Verdict, *id.*, ECF No. 141.) At a hearing on September 1, 2006, the Court sentenced Kimbrel to a term of imprisonment of 262 months on Count 1 and 60 months on Count 2, to be followed by a five-year period of supervised release. (Min. Entry, *id.*, ECF No. 205.) On September 27, 2006, the Court granted Defendant's unopposed motion to dismiss Count 3 of the Indictment. (Order, *id.*, ECF No. 211.) Judgment

was entered the same day. (J. in a Criminal Case, *id.*, ECF No. 212.)

Kimbrel appealed, and on July 3, 2008, the United States Court of Appeals for the Sixth Circuit vacated his conviction and sentence and remanded the case for a new trial. *United States v. Kimbrel*, 532 F.3d 461 (6th Cir. 2008). On remand, the grand jury returned a three-count Superseding Indictment that mirrored the original Indictment. (Superseding Indictment, *United States v. Kimbrel*, No. 2:03-cr-20336-JPM-1 (W.D. Tenn.), ECF No. 264.) Pursuant to a written plea agreement, Kimbrel appeared before the Court on June 10, 2009, to plead guilty to Count 1 of the Indictment. (Min. Entry, *id.*, ECF No. 289; Plea Agreement, *id.*, ECF No. 292.) At a hearing on October 20, 2009, the Court sentenced Kimbrel to a term of imprisonment of 110 months, to be followed by a five-year period of supervised release. (Min. Entry, *id.*, ECF No. 308.)[1] Judgment was entered on October 21, 2009. (J. in a Criminal Case, *id.*, ECF No. 310.) Kimbrel did not appeal.

---

[1] The 2002 edition of the *Guidelines Manual* was used to calculate Kimbrel's sentencing range. (PSR ¶ 10.) Pursuant to § 2K2.1(a)(2) of the United States Sentencing Guidelines ("U.S.S.G."), the base offense level for violation of 18 U.S.C. § 922(g) is twenty-four (24) since the defendant committed the instant offense subsequent to sustaining at least two felony convictions for either a crime of violence or a controlled substance offense. (*Id.* ¶ 11.) Kimbrel received a two-level enhancement because the firearm had an obliterated serial number, U.S.S.G. § 2K2.1(b)(4), and a four-level enhancement because the firearm was used in connection with another felony offense, U.S.S.G. § 2K2.1(b)(5). (*Id.* ¶¶ 12, 13.) Kimbrel also received a three-level reduction for acceptance of responsibility, U.S.S.G. § 3E1.1, resulting in a total offense level of 27. (*See id.* ¶¶ 18, 19.) Given his criminal history category of VI (*id.* ¶ 49), the guideline sentencing range ordinarily would have been 130-162 months. (*2002 Guidelines Manual*, Ch. 5, part A – Sentencing Table.)

Because of his prior convictions for violent felonies, however, Kimbrel was sentenced as an armed career criminal pursuant to the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), and U.S.S.G. § 4B1.4. (PSR ¶¶ 20, 78.) Pursuant to U.S.S.G. § 4B1.4(b)(3)(B), the offense level was 33. (*Id.* ¶ 20.) After accounting for Kimbrel's three-level reduction for acceptance of responsibility (*id.* ¶ 21), the total offense level was 30 (*id.* ¶ 22). The guideline sentencing range was 168-210 months. (*Id.* ¶ 79.) Kimbrel was also subject to a mandatory minimum sentence of 15 years, or 180 months, pursuant to 18 U.S.C. § 924(e). (*Id.*) Kimbrel received a sentence below the mandatory minimum after the Court granted the Government's U.S.S.G. § 5K1.1 motion.

Kimbrel was released on supervised release on June 16, 2011. (*See* Report, *id.*, ECF No. 312.) On July 29, 2015, the Probation Office notified the Court that Kimbrel violated the conditions of his supervised release because he was arrested and indicted for Aggravated Assault in Shelby County, Tennessee. (Pet. for Summons, *id.*, ECF No. 315.) On November 20, 2015, Kimbrel appeared before the Court to plead guilty to Count 1 of the supervised release violation. (Min. Entry, *id.*, ECF No. 343 (sealed).) The Court revoked Kimbrel's supervised release, sentenced him to a term of imprisonment of one year and one day, and re-imposed a three-month period of supervised release to be served at a half-way house immediately following his release. (*Id.*) Judgment was entered the same day. (J. and Commitment Order on Supervised Release Violation, *id.*, ECF No. 344.)

### B. Civil Case Number 16-2166

On March 15, 2016, Kimbrel filed a *pro se* motion titled "'Emergency' and 'Extraordinary' (Relief) for an Injunction via 28 U.S.C. [§] 2241 and/or 2255 (?)," which was docketed as a *pro se* motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. (§ 2255 Mot., *Kimbrel v. United States*, No. 2:16-cv-02166-JPM-tmp (W.D. Tenn.), ECF No. 1.) The Court appointed counsel to assist Kimbrel in pursuing relief pursuant to Administrative Order 2015-18 of the United States District Court for the Western District of Tennessee. (Order, *id.*, ECF No. 3.) On June 22, 2016, Kimbrel, through counsel, filed an Amended Motion to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. § 2255. (Am. § 2255 Mot., *id.*, ECF No. 7.) Kimbrel's Amended § 2255 Motion raises two grounds for relief: (1) that Kimbrel's sentence to five years of supervised release exceeded the statutory maximum in light of *Johnson v. United States*, 135 S. Ct. 2551 (2015), and accordingly, the Court was without jurisdiction to revoke his supervised release; and (2) that Kimbrel's supervised release counsel

provided ineffective assistance by not raising a *Johnson* claim and by erroneously advising Kimbrel that his one year and one day sentence and three months in a halfway house would be imposed concurrently. (*Id.* at 4-8.)

On June 22, 2016, the Court directed the Government to respond. (Order, *Kimbrel v. United States*, No. 2:16-cv-02166-JPM-tmp (W.D. Tenn.), ECF No. 8.) The Government responded on July 20, 2016, agreeing that Kimbrel is entitled to relief under *Johnson*, and requesting that the Court impose a sentence of time served with no supervision to follow. (Resp., *id.*, ECF No. 10.)

## II. THE LEGAL STANDARD

Pursuant to 28 U.S.C. § 2255(a),

> [a] prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

"A prisoner seeking relief under 28 U.S.C. § 2255 must allege either: '(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid.'" *Short v. United States*, 471 F.3d 686, 691 (6th Cir. 2006) (quoting *Mallett v. United States*, 334 F.3d 491, 496-97 (6th Cir. 2003)).

## III. ANALYSIS

Kimbrel asserts that he is entitled to relief because three of his prior convictions no longer qualify as predicate offenses and accordingly, he would have been subjected to a statutory maximum sentence of 120 months imprisonment and three years of supervised release. (Am.

§ 2255 Mot. at 6, *Kimbrel v. United States*, No. 2:16-cv-02166-JPM-tmp (W.D. Tenn.), ECF No. 7.) Kimbrel argues that had he been sentenced to three years of supervised release, his supervised release would have expired on June 11, 2014, more than one year before the United States Probation Office petitioned the Court to revoke his supervised release. (*Id.*) The Government does not oppose the relief sought and requests that the Court vacate Kimbrel's sentence and sentence him to time-served with no supervision to follow. (Resp. at 5-7, *id.*, ECF No. 10.)

    A.    *Johnson v. United States*

The ACCA provides that:

> In the case of a person who violates section 922(g) of this title and has three previous convictions by any court referred to in section 922(g)(1) of this title for a violent felony or a serious drug offense, or both, committed on occasions different from one another, such person shall be fined under this title and imprisoned not less than fifteen years, and, notwithstanding any other provision of law, the court shall not suspend the sentence of, or grant a probationary sentence to, such person with respect to the conviction under section 922(g).

18 U.S.C. § 924(e)(1).

"Violent felony" is defined by the ACCA as a felony "that (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B).

The Supreme Court held in *Johnson* that the residual clause of the ACCA, encompassing all felonies that "involve[] conduct that presents a serious potential risk of physical injury to another," 18 U.S.C. § 924(e)(2)(B)(ii), was unconstitutionally vague and that the application of the residual clause to increase a sentence violated the Due Process Clause. 135 S. Ct. 2551, 2557 (2015). The *Johnson* decision applies only to the residual clause and "does not call into question

application of the Act to the four enumerated offenses, or the remainder of the Act's definition of a violent felony." *Id.* at 2563.

The Supreme Court has made *Johnson*'s rule retroactive to cases on collateral review. *Welch v. United States*, 136 S. Ct. 1257, 1265 (Apr. 18, 2016) ("*Johnson* is thus a substantive decision and so has retroactive effect . . . .").

**B.     Kimbrel's Prior Convictions**

The prior convictions used to qualify Kimbrel as an armed career criminal were: (1) a 1988 Tennessee conviction for sexual battery (PSR ¶ 26); (2) a 1989 conviction for escape (*id.* ¶ 29); (3) a 1989 Tennessee conviction for statutory rape (*id.* ¶ 30); (4) a 1990 Tennessee conviction for robbery (*id.* ¶ 31); and (5) a 1999 Tennessee conviction for attempted burglary of a building (*id.* ¶ 43).

Kimbrel's escape conviction previously qualified as a violent felony under the ACCA's residual clause. *See United States v. Goodman*, 519 F.3d 310, 317 (2008) (discussing the Sixth Circuit's precedent, applicable to Tennessee's pre-1989 and post-1989 escape statute, that "an escape conviction under Tennessee's escape statute is a violent felony under the ACCA" because it otherwise involves conduct that presents a serious potential risk of physical injury to another).

Kimbrel's statutory rape conviction also could have qualified as a violent felony only under the ACCA's residual clause. *See United States v. Evans*, 378 F. App'x 485, 487-88 (6th Cir. 2010) (using a modified categorical approach to determine whether a conviction under Tennessee's post-1989 statutory rape statute qualified as a violent felony under the residual clause); *see also State v. Johnson*, 1989 WL 12739, at *1 (Tenn. Feb. 21, 1989) (per curiam) (pre-1989 Tennessee defined statutory rape under section 39-2-605(a) of the Tennessee Code as

7

"sexual penetration of another when the victim is at least thirteen (13) but less than eighteen (18) years of age and the defendant is at least two (2) years older than the victim").

Similarly, Kimbrel's attempted burglary of a building conviction previously qualified as a violent felony under the residual clause. *See United States v. Bureau*, 52 F.3d 584, 593 (6th Cir. 1995) ("[T]he crime of attempting to commit the felony of burglary under Tennessee law involves conduct that presents a serious potential risk of physical injury to another and falls within the 'otherwise clause' of § 924(e).").

Thus, following the retroactive decision in *Johnson*, Kimbrel's convictions for escape, statutory rape, and attempt to commit burglary of a building are no longer predicate offenses under the ACCA.[2] Kimbrel has, at most, two other prior convictions which qualify as predicates under the ACCA and, therefore, is not subject to the ACCA's fifteen-year mandatory minimum sentence. As a result, Kimbrel is subject to a 120 month statutory maximum sentence and, accordingly, a maximum of three years of supervised release.

---

[2] Kimbrel's sexual battery conviction may also no longer qualify as a predicate conviction in light of *Johnson*. When Kimbrel was convicted of sexual battery in 1989, Tennessee's sexual battery statute defined sexual battery as "unlawful sexual contact with a victim by a defendant or unlawful sexual contact with a defendant by a victim by any of the circumstances listed in § 39-2-604(a)." Tenn. Code Ann. § 39-2-607(a) (Supp. 1988) (repealed 1989). While one of the circumstances listed in section 39-2-604 involved force or coercion, three other circumstances did not require the use of force. Because the statute is divisible, the Court could apply the modified categorical approach to determine whether Kimbrel's conviction qualifies under the use-of-force clause. *See Descamps v. United States*, 133 S. Ct. 2276, 2281 (2013).

In the instant case, the parties did not submit the state-court records, and the Court is unable to determine the specific subsection of the sexual battery statute under which Kimbrel was convicted. Although the PSR indicates that Kimbrel's conviction did not involve the use, attempted use, or threat of force, the Court cannot "rely on the factual recitations in the PSR to determine" the specific nature of a movant's prior conviction. *See United States v. Wynn*, 579 F.3d 567, 576 (6th Cir. 2009). Because Kimbrel is entitled to relief regardless of whether his sexual battery conviction qualifies as a violent felony under the ACCA, the Court need not resolve this issue. Thus, in the interest of providing Kimbrel with expedited relief, the Court has not directed the parties to submit the relevant *Shepard* documents.

Because Kimbrel is entitled to relief on the *Johnson* issue raised in his Amended § 2255 Motion, the Court GRANTS the § 2255 Motion. The sentence imposed on November 20, 2015, is VACATED. It is ORDERED that his sentence is reduced to a "time-served" sentence and that the no supervised release is imposed. This Order shall take effect ten days from its entry in order to give the Bureau of Prisons time to process Movant's release.

Kimbrel's second ground for relief also relates to his supervised release violation, and, therefore, Kimbrel would not be entitled to any different relief based on that ground. Accordingly, the Court need not consider the merits of the second ground for relief raised in Kimbrel's Amended § 2255 Motion.

In his criminal case, Kimbrel has filed a motion to appoint counsel in light of *Johnson* (ECF No. 348), a motion for clarification via Petitioner's Rule 35 motion to correct sentence (ECF No. 349), a motion to "hold in abeyance" his appeal (ECF No. 352), a motion for writ of mandamus (ECF No. 353), two motions for an evidentiary hearing (ECF Nos. 355, 356), and a "motion to compel" (ECF No. 357). Each of these motions relates to Kimbrel's supervised release revocation and the requirement that he serve three months in a halfway house after his release. Because this Order vacates the judgment entered in connection with Kimbrel's supervised release violation and, accordingly, eliminates the requirement that Kimbrel serve any time in a halfway house, these motions are DENIED AS MOOT.

**IT IS SO ORDERED**, this 20th day of July, 2016.

/s/ Jon P. McCalla
JON P. McCALLA
UNITED STATES DISTRICT JUDGE